IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FRAN K. FRANKLIN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-852-LPS |
| CHILDREN AND FAMILIES FIRST, | : | |
| Defendant. | : | |

Fran K. Franklin, Berlin, Maryland, Pro Se Plaintiff.

James H. McMackin, III, Esquire, Morris James LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

August 19, 2015
Wilmington, Delaware

*signature*

STARK, U.S. District Judge:

I. INTRODUCTION

Plaintiff Fran K. Franklin ("Plaintiff") filed this employment discrimination action on July 1, 2014. (D.I. 1) Plaintiff proceeds *pro se* and has paid the filing fee. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the Court are Defendant Children & Families First's ("Defendant") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) (D.I. 4) and motion to strike Plaintiff's sur-reply (D.I. 9). For the reasons that follow, the Court will deny the motion to dismiss and will grant the motion to strike.

II. BACKGROUND

Plaintiff filed her complaint on July 1, 2014.[1] Summons was served on Defendant on October 30, 2014.[2] (D.I. 3, 5) Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(5) on the grounds that it was not timely served.

III. LEGAL STANDARDS

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) imposes a 120-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). If service is not completed within that time, the action is subject to dismissal without prejudice. *See id.*; *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

---

[1] Contrary to Defendant's assertions, the Complaint filed by Plaintiff is signed. (*See* D.I. 1 at 7)

[2] The summons was served on Gwen Lang, Defendant's receptionist.

1

Before a court dismisses a case for insufficient process, it must first determine whether good cause exists for failure to serve. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1308 (3d Cir. 1995). If good cause exists, the Court must extend the time for service; even if good cause does not exist, the Court has discretion either to dismiss the complaint without prejudice or to extend the time for service. *See id.*

## IV. DISCUSSION

In reviewing the court docket, it is evident that the complaint was served one day beyond the 120 time-frame for service. *See* Fed. R. Civ. P. 4(m). Under Rule 12(b)(5), the court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Plaintiff proceeds *pro se* and advises the Court she believed that, based upon her calculation, service was not due until October 30, 2014, the day it was served. The Court takes note of Plaintiff's *pro se* status and finds she has provided good cause for the one day delay in service. Finally, in light of the fact that service was a mere one day late, and given the instruction from the Third Circuit in *Umbenhauer*, the Court chooses not to dismiss the complaint pursuant to Rule 12(b)(5).

Accordingly, the Court will deny the motion to dismiss and will extend the time for service to October 30, 2014.

## V. CONCLUSION

For the above reasons, the Court will: (1) deny Defendant's motion to dismiss (D.I. 4);

(2) grant Defendant's motion to strike (D.I. 9) Plaintiff's sur-reply;[3] and (3) extend the time for service to October 30, 2014.

An appropriate Order will be entered.

---

[3] Delaware Local Rule 7.1.2(b) provides that once a reply has been filed, additional papers may not be filed absent Court approval. *See* D. Del. LR 7.1.2(b).